IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CENTER FOR DIGITAL DEMOCRACY**<br>1621 Connecticut Avenue, N.W.<br>Suite 550<br>Washington, DC 20009<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**FEDERAL TRADE COMMISSION**<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC 20580<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　C. A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff seeks injunctive and other appropriate relief for the processing and release of agency records requested by plaintiff from defendant Federal Trade Commission. Defendant has wrongfully withheld the requested records.

**Jurisdiction and Venue**

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

3. Plaintiff Center for Digital Democracy ("CDD") is a not-for-profit corporation organized under the laws of the District of Columbia. CDD is recognized by the Internal

Revenue Service as a tax-exempt entity under section 501(c)(3) of the Internal Revenue Code. Since its founding in 2001, CDD has been at the forefront of research, public education, and advocacy protecting consumers in the digital age.  It has helped foster widespread debate, educating a spectrum of stakeholders, and creating a legacy of government and self-regulatory safeguards across a variety of Internet and digital media platforms.  CDD's public education programs are focused on informing consumers, policy makers, and the press about contemporary digital marketing issues, including their impact on public health, children and youth, and financial services.  As part of its mission, CDD works to ensure that the Federal Trade Commission is accountable to the public interest.  Of particular relevance to the information sought in this action, CDD actively sought passage of the Children's Online Privacy Protection Act of 1998, 5 U.S.C. §§ 6501–6505, and has been in the forefront of ensuring it continues to protect the privacy of children.

4.  Defendant Federal Trade Commission ("FTC") is an independent agency of the United States Government.  FTC is an "agency" within the meaning of 5 U.S.C. § 552(f).

**Plaintiff's FOIA Request to Defendant FTC**

5.  By letter dated July 2, 2014, plaintiff's counsel submitted a FOIA request on plaintiff's behalf to defendant FTC.  The request sought access to the following records:

> All annual reports submitted by safe harbor programs as required by the Children's Online Privacy Protection Act Rule (COPPA Rule), 16 C.F.R. § 312.11(d)(1), including, for illustrative purposes, reports of the following safe harbor programs:
>
> (1) kidSAFE Seal Program,
> (2) Aristotle International Inc.,
> (3) Children's Advertising Review Unit (CARU),
> (4) Entertainment Software Rating Board (ESRB),
> (5) Privacy Vaults Online, Inc. (PRIVO), and
> (6) TRUSTe.

6. In its FOIA request dated July 2, 2014, CDD asked defendant FTC to waive all fees associated with the request "because disclosure of the records is in the public interest." CDD alternatively asked that "any fees related to the request be limited to reasonable duplication fees because it is a noncommercial request by a member of the news media."

7. By letter to plaintiff's counsel dated July 8, 2014, defendant FTC acknowledged receipt of plaintiff's FOIA request and assigned it request number FOIA-2014-01098.

8. By letter to plaintiff's counsel dated July 25, 2014, defendant FTC advised plaintiff that "we will be unable to respond to your request within the statutory 20-business day deadline," and that defendant was extending the deadline due to "unusual circumstances."

9. To date, defendant FTC has not responded to plaintiff's FOIA request, as required by 5 U.S.C. § 552(a)(6)(A)(i).

10. Defendant FTC has violated the applicable statutory time limit for the processing of plaintiff's FOIA request.

11. Plaintiff has exhausted the applicable administrative remedies.

12. Defendant FTC has wrongfully withheld the requested records from plaintiff.

## CAUSE OF ACTION

### Defendant FTC's Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

13. Plaintiff repeats and realleges paragraphs 1-12.

14. Defendant FTC has wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limits for rendering determinations on requests submitted under the FOIA.

15. Plaintiff has exhausted the applicable administrative remedies with respect to defendant FTC's wrongful withholding of the requested records.

16. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. order defendant FTC to process immediately the requested records in their entirety;

B. order defendant FTC, upon completion of such processing, to disclose the requested records in their entirety and make copies available to plaintiff, with all fees waived;

C. provide for expeditious proceedings in this action;

D. award plaintiff its costs and reasonable attorneys fees incurred in this action; and

E. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

DAVID L. SOBEL
D.C. Bar No. 360418
5335 Wisconsin Avenue, N.W., Suite 640
Washington, DC 20015
(202) 246-6180

Counsel for Plaintiff